UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JAMI MCHENRY, | Case No. 3:19-cv-00705-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WASHOE, COUNTY OF, *a political subdivision of the State of Nevada* | |
| Defendant. | |

**I. SUMMARY**

Plaintiff Jami McHenry has brought this employment action against Defendant Washoe County under Title VII of the Civil Rights Act of 1964. Before the Court is Defendant's motion to dismiss (the "Motion") (ECF No. 6).[1] For the reasons explained below, the Motion is granted in part and denied in part.

**II. BACKGROUND**

Unless otherwise indicated, the following facts are taken from the Complaint (ECF No. 1) and the charge of discrimination that Plaintiff filed with the U.S. Equal Employment Opportunity Commission ("EEOC") (ECF No. 6-1 (the "EEOC Charge")[2]).

---

[1] The Court has also reviewed related briefs (ECF Nos. 8, 14).

[2] Generally, a court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). However, the Court will take judicial notice of the EEOC Charge because the Complaint relies on it (*see also* ECF No. 1 ¶ 1; ECF No. 1-1) and Plaintiff has not disputed its authenticity. *See Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citations omitted). In fact, Plaintiff cites to it. (*See* ECF No. 8 at 3.)

Plaintiff, a woman, began working for Defendant as a health aide on June 6, 2007. (ECF No. 1 at 1-2.) Starting in June 2016, Supervisor Todd Acker, a gay man, began making sexual comments, such as asking Plaintiff to send cute men to his office. (ECF No. 6-1 at 3.) Acker and another supervisor, William Reidenbaugh (collectively the "Supervisors"), would openly talk about sexual devices and sex in the shower, and they would speculate about the sexual orientation of various people. (*Id.* at 3; ECF No. 1 at 2.) Plaintiff alleges that there were also remarks about "sweaty balls" and which men had "great asses." (ECF No. 1 at 2.)

Plaintiff repeatedly complained to management about these comments. (*Id.* at 3; ECF No. 6-1 at 4.) Thereafter, Defendant subjected Plaintiff to "excessive scrutiny" and multiple "written discipline[s]," removed her duties, and denied her training. (ECF No. 1 at 3; ECF No. 6-1 at 4.) Not only did Acker continue supervising Plaintiff during this time, but he also suspended Plaintiff on July 2, 2018, and then extended the suspension the following day. (ECF No. 1 at 3.) The assistant county manager later overturned Plaintiff's suspension due to a lack of evidence. (ECF No. 6-1 at 4.)

On March 4, 2019, Plaintiff filed her EEOC Charge detailing some of the allegations above and insisting that she was being subjected to sexual harassment and retaliation in the workplace. (ECF No. 6-1 at 3-4.) On August 27, 2019, Plaintiff received her right-to-sue letter from the EEOC. (ECF No. 1-1.)

At some unknown point in time, Plaintiff retained counsel and permitted Defendant to interview her on the condition that her counsel attend, her statements would not constitute testimony, and her interview cannot be used against her. (*Id.*) Defendant would not agree to those conditions and therefore did not interview Plaintiff. (*Id.* at 3-4.)

As a result of the sexual harassment, retaliation, and Defendant's failure to investigate, "[P]laintiff was "constructively and wrongfully discharged" (ECF No. 1 at 5) on October 18, 2019 (ECF No. 8 at 4).

Plaintiff asserts two claims for sexually hostile work environment and retaliation under Title VII. (ECF No. 1 at 2, 5.) As to her retaliation claim, Plaintiff alleges the following

retaliatory conduct: (1) her suspensions; (2) Defendant's failure to conduct a thorough investigation; and (3) Plaintiff's constructive discharge/wrongful discharge. (*Id.* at 3-6.)

**III. LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

///

When a court grants a motion to dismiss, it must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV. DISCUSSION

Defendant in gist raises two arguments. First, Defendant argues that Plaintiff has not exhausted her administrative remedies as to her claims of failure to investigate and constructive discharge as alleged retaliatory actions. (ECF No. 6 at 5-6.) Second, Defendant argues that Plaintiff has failed to state a claim for hostile work environment because she does not allege that any of the Supervisors' comments were made because of her sex. (*Id.* at 7-10.) The Court will address each argument in turn.

### A. Failure to Exhaust

Exhaustion of administrative remedies is a prerequisite to adjudication of claims for discrimination under Title VII. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("[A] plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim"). Exhaustion requires that a plaintiff file a timely charge with the EEOC, or an appropriate state agency, thereby allowing the agency time to investigate the charge. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citation omitted) (citing to 42 U.S.C. § 2000e–5(b)). Allegations not included in the plaintiff's administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Id.* at 1100 (internal quotations and citation omitted). The Court construes EEOC charges "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Id.* (same). The purpose of the

4

exhaustion requirement is to give defendant notice of a plaintiff's claim, and to narrow the issues for prompt adjudication. *See id.* at 1099.

Defendant argues that Plaintiff has not exhausted her retaliation claim with respect to two alleged retaliatory conduct—constructive discharge and failure to investigate. (ECF No. 6 at 5-7.) Plaintiff concedes that she did not include those allegations in the EEOC Charge because those events occurred after she filed the Charge. (ECF No. 8 at 4, 8.) Nevertheless, Plaintiff insists that those allegations are "like or reasonably related to" her allegations of sexual harassment and retaliation in her EEOC Charge. (ECF No. 8 at 7-8.) The Court agrees with Plaintiff only as to the constructive discharge claim.

In liberally construing the EEOC Charge, the Court finds that Plaintiff's constructive discharge claim reasonably flows from her Charge allegation that Defendant subjected her to escalating adverse actions—from removing her duties and denying her training, to suspending her. Accordingly, the Court will deny the Motion as to Plaintiff's constructive discharge claim.

However, the Court finds that Plaintiff has not exhausted her alleged failure to investigate claim, which revolves around the parties' failure to agree upon an acceptable manner of conducting Plaintiff's interview. (ECF No. 1 at 3-4.) That claim bears no reasonable relation to her EEOC Charge, which alleges that her Supervisors unilaterally removed her duties, denied her training, and suspended her. (ECF No. 6-1 at 4.) Plaintiff's investigation allegation in support of her retaliation claim is therefore dismissed without prejudice.

### B.     Hostile Work Environment

"Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discriminat[ion]* . . . because of . . . sex.'" *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80 (1998) (emphasis in original). To establish harassment based on gender, a plaintiff must show that: (1) plaintiff was subjected to physical or verbal conduct; (2) the conduct was made based on gender; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the employee's employment and create an

5

abusive work environment. *See Westendorf v. West Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 421 (9th Cir. 2013); *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), *as amended* (Jan. 2, 2004).

Defendant argues that none of the Supervisors' statements were made because of Plaintiff's sex, given that they were comments that sexualized men and Plaintiff is a woman. (ECF No. 6 at 7.) But the Court rejects this argument as a non sequitur and finds it plausible that such comments were made precisely because of Plaintiff's sex. As such, the Court denies the Motion as to Plaintiff's claim for hostile work environment.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 6) is granted in part and denied in part. Plaintiff's claim for failure to investigate is dismissed without prejudice. The motion to dismiss is denied as to all other claims.

DATED THIS 10th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE